# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SCHEAREAN JEAN MEANS,**

    Petitioner,

vs.                                     Case No. 4:10cv447-MP/WCS

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner Means, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and attached memorandum. The two were filed electronically as doc. 1 and doc. 1-1. She did not pay the filing fee or file a motion to proceed in forma pauperis. For purposes of dismissal, however, leave to proceed in forma pauperis is granted by separate order.

Petitioner is incarcerated at the Federal Correctional Institution in Tallahassee. This is Petitioner's fourth attempt in this district to challenge, by habeas corpus petition, her conviction and sentence imposed in the Northern District of Alabama. *See*, 4:02cv385-RH/WCS, 4:05cv141-MP/WCS, and 4:08cv38-MP/WCS (hereafter

referenced as 2002 case, 2005 case, and 2008 case, respectively).  In each of those cases, the § 2241 petition was dismissed under the "savings clause" of 28 U.S.C. § 2255,[1] as interpreted in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999).  *See*, 2002 case, docs. 3 , 6 and 7 (report and recommendation as adopted by the court and judgment entered on the docket on February 6, 2003); 2005 case, docs. 4, 5 and 6 (report and recommendation as adopted by the court and judgment entered on the docket on August 23, 2005); and 2008 case, docs. 5, 8, and 9 (report and recommendation as adopted by the court and judgment entered on the docket on November 17, 2008).  Petitioner unsuccessfully appealed all the dismissals; and in one case the Eleventh Circuit's order also discussed the savings clause and Wofford.  2005 case, doc. 8 (a copy was also attached to the report and recommendation in the 2008 case, doc. 5, pp. 6-11).

Petitioner again seeks § 2241 relief from the Alabama judgment, claiming she is actually innocent of the prior convictions used to enhance her sentence because as they "did not meet the definition of the crime language."  Doc. 1-1, p. 1.  Petitioner claims actual innocence pursuant to, and wants to take advantage of, the change in law occasioned by, Gilbert v. United States, 609 F.3d 1159 (11th Cir.),  Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), and United States v. Archer, 531 F.3d 1347 (11th Cir. 2008). Doc. 1-1, pp. 2-3.

---

[1] A petition for writ of habeas corpus filed by a prisoner authorized to apply for § 2255 will not be granted absent a showing that the § 2255 remedy "is inadequate or ineffective to test the legality of his detention."  § 2255(e).

In Begay, the Court interpreted the meaning of "violent felony" under the Armed Career Criminal Act (ACCA). A "violent felony," for ACCA purposes, includes (*inter alia*) a felony for, "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § § 924(e)(2)(B)(ii) (emphasis added to "residual clause" language). In the Supreme Court's view a felony satisfying *only* the residual clause (there, driving under the influence) was not a violent felony under clause (ii), as the presence of examples (burglary, arson, extortion, or involving the use of explosives), "indicates that the statute covers only *similar* crimes, rather than *every* crime that 'presents a serious potential risk of physical injury to another,' " and therefore limited the crimes covered by clause (ii). 553 U.S. at 142-143, 128 S.Ct. 1584-85 (emphasis in original).

In Archer, the Eleventh Circuit applied Begay to find that a prior conviction for carrying a concealed weapon was not a qualifying "crime of violence" for purposes of "career offender" sentencing under U.S.S.G. § 4B1.1.[2] In Gilbert, the defendant had been sentenced as a career offender, with one of the two prior qualifying convictions for carrying a concealed firearm, which was no longer a qualifying offense under Begay and Archer. 609 F.3d at 1160-62. It was conceded that Begay and Archer applied retroactively, and the court found Gilbert innocent of the "offense" of being a career offender (*i.e.*, having two prior qualifying felonies) as he had been sentenced for the

---

[2] A person qualifies for sentencing as a career offender if, *inter alia*, he has at least two prior felony convictions for a crime of violence or a controlled substance offense. § 4B1.1(a). The Eleventh Circuit "has repeatedly read the definition of a 'violent felony' under § 924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of a 'crime of violence' under U.S.S.G. § 4B1.2." Archer, 531 F.3d at 1352. As noted *infra*, n. 7, Petitioner had four prior drug felonies.

nonexistent offense of being a career offender with only one qualifying felony. *Id.*, at 1165-66. The <u>Wofford</u> requirements were met as the claim was based on a retroactively applicable Supreme Court decision, establishing defendant was convicted of a nonexistent offense, that was foreclosed by circuit law when it could have been raised at trial, on appeal, or by initial § 2255 motion. *Id.*, at 1164-67. The <u>Gilbert</u> opinion was vacated, however, and rehearing *en banc* granted on November 3, 2010. <u>Gilbert v. United States</u>, 625 F.3d 716 (11th Cir. 2010).[3]

But even assuming a similar opinion is issued on rehearing, there is no indication (as discussed below) that Petitioner Means was deemed to have committed a "violent felony" or "crime of violence." Cases interpreting those phrases do not apply.

Petitioner claims the Government filed a notice of intent to seek enhanced sentencing under 21 U.S.C. § 841(b)(1)(A), and she was sentenced to a mandatory term of life imprisonment pursuant to 18 U.S.C. § 3559(c). Doc. 1-1, p. 3. She asserts that the four offenses used to enhance her sentence did not qualify as serious drug offenses under § 3559(c). *Id.*, pp. 3-4, *citing* <u>United States v. Sanchez</u>, 586 F.3d 918 (11th Cir. 2009).[4]

Section 3559(c) provides in relevant part that a person "convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if" it that person has "2 or more serious violent felonies," or "one or more serious violent

---

[3] According to the Eleventh Circuit's docket in the <u>Gilbert</u> case, available in PACER (Public Access to Electronic Records), argument is scheduled for February 15, 2011.

[4] Defendant gives the case name as <u>United States v. Camejo</u>; Camejo was one of the coconspirators.

felonies and one or more serious drug offenses." § 3559(c)(1)(A). The terms "serious violent felony" and "serious drug offense" are defined in § 3559(c)(2)(F) and (H), respectively. Sanchez involved sentencing under § 3559.[5] Section 841(b)(1)(A), alleged by Defendant to have been cited in the Government's notice of intent to seek an enhanced sentence, provides enhanced penalties for a drug offense if committed "after a prior conviction for a felony drug offense has become final."

There is no indication whatsoever in this case that Defendant was convicted in federal court of "a serious violent felony" subject to enhancement under § 3559(c). According to the judgment, she was convicted of conspiracy to possess with intent to distribute controlled substances (count 2), possession with intent to distribute cocaine, crack cocaine, and marijuana (count 11), and use of a communication facility to commit, cause, or facilitate commission of a drug felony (counts 33, 34, 42, 61, and 67), in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), 841(a)(1), and 843(b), respectively. Doc. 722 in case number 2:95cr129-JHH-TMP, Northern District of Alabama, Southern Division[6] (hereafter Alabama case). She was sentenced to concurrent life terms on counts 2 and 11, and concurrent terms of four years on each remaining count.

---

[5] In the case cited by Petitioner, Defendants Sanchez and Camejo were convicted of (*inter alia*) two offenses under the Hobbs Act: conspiracy to take marijuana forcibly from a person believed to be engaged in drug trafficking (count 4), and attempting forcibly to take the marijuana (count 5). 586 F.3d at 921, n. 3. They were sentenced to life imprisonment on those two counts pursuant to the "three-strikes law," § 3559(c), and only the life sentences on those counts were vacated. *Id.*, at 926, 936. As set forth ahead, § 3559 was not the basis for this Petitioner's life sentence.

[6] The docket and certain documents (such as the judgment) are available in PACER (Public Access to Electronic Records).

Under § 841(b)(1)(A), for offenses involving certain quantities of controlled substances (including cocaine, cocaine base, or marijuana),[7] the sentence is 10 years to life; if the offense is committed "after a prior conviction for a felony drug offense has become final," the sentence is 20 years to life; if committed "after two or more prior convictions for a felony drug offense have become final," then the sentence is a mandatory term of life. Clearly this – rather than § 3559 – was the basis for Petitioner's life sentence. Indeed, the sentencing court later denied Petitioner's 18 U.S.C. § 3582(c)(2) motion for reduction of sentence, noting, "[t]he defendant was sentenced to a term of LIFE, 21 U.S.C. § 846, 841(b)(1)(A), the minimum statutory penalty in counts 2 & 11." Alabama case, doc. 1675.[8]

Petitioner's sentence was enhanced for having at least two prior convictions for a felony drug offense. The arguments raised and cases cited are inapposite. Petitioner has not satisfied the savings clause and may not proceed in this court by petition for writ of habeas corpus.

---

[7] Petitioner already challenged, on direct appeal, § 2255 motion, or both, determinations made regarding the kinds and quantities of drugs involved for sentencing purposes. *See* 2002 case, doc. 1, Ex. A (pp. 16-42 in ECF) (electronic case filing). This is a copy of the memorandum opinion and order entered July 2, 2002, in the Alabama case, denying Petitioner's § 2255 motion and other motions. According to the docket in the Alabama case, it is doc. 1308 in that case; however the document itself is unavailable in PACER. A review of that order reveals no prior convictions other than four prior felony drug convictions. 2002 case, doc. 1, Ex. A, pp. 5-6, 19-20 (pp. 20-21, 34-35 in ECF). Arguments were made as to career offender sentencing, but the court concluded any objection would not have mattered due to the mandatory life term under 841(b)(1)(A). *Id.*, pp. 5, 7, 21 (pp. 20, 22, 36 in ECF).

[8] *See also* doc. 1791, available in PACER, discussing the history in that case from Defendant's conviction, § 2255 motion, and various other motions seeking postconviction relief.

Case No. 4:10cv447-MP/WCS

It is therefore respectfully **RECOMMENDED** that the § 2241 petition be

**SUMMARILY DISMISSED WITH PREJUDICE.**

**IN CHAMBERS** at Tallahassee, Florida, on January 31, 2011.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**