IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SCHEAREAN JEAN MEANS,

    Petitioner,

v.                                                          CASE NO. 4:10-cv-00447-MP -WCS

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 4, Report and Recommendations of the Magistrate Judge, which recommends that the § 2241 petition for writ of habeas corpus, Doc. 1, be summarily dismissed with prejudice. Petitioner timely objected to the Magistrate Judge's Report and Recommendation, Doc. 5. This Court reviews objected-to material *de novo*.

Petitioner seeks § 2241 relief from her convictions for conspiracy to possess with intent to distribute controlled substances, possession with intent to distribute cocaine, crack cocaine, and marijuana, and use of a communication facility to commit, cause, or facilitate commission of a drug felony, in violation of 21 U.S.C. § § 846, 841(b)(1)(A), 841(a)(1), and 843(b), respectively. Petitioner claims actual innocence pursuant to, and wants to take advantage of, the change in law occasioned by *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581 (2008), *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), and *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010) *vacated*, 625 F.3d 716 (11th Cir. 2010). Doc. 1-1 at 2-3. In *Begay*, the Court limited the meaning of "violent felony" under the Armed Career Criminal Act (ACCA). 553 U.S. at 142-43, 128 S. Ct. 1584-85. In *Archer*, the Eleventh Circuit applied *Begay* to find

that a prior conviction for carrying a concealed weapon was not a qualifying "crime of violence" for purposes of sentencing as a "career offender" under U.S.S.G. § 4B1.1. In *Gilbert*, it was conceded that *Begay* and *Archer* applied retroactively, and the court found the defendant innocent of the "offense" of being a career offender. However, in the instant case, there is no indication that Petitioner was deemed to have committed a "violent felony" or "crime of violence." As such, cases interpreting those phrases do not apply.

Petitioner also claims she was sentenced to a mandatory term of life imprisonment pursuant to 18 U.S.C. § 3559(c). Doc. 1-1 at 3. She asserts that the four offenses used to enhance her sentence did not qualify as "serious drug offenses" under § 3559(c). *Id*. at 3-4. However, there is no indication the Petitioner was convicted in federal court of "a serious violent felony" subject to enhancement under § 3559(c). Petitioner's sentence was enhanced for having at least two prior convictions for a felony drug offense. *See* § 841(b)(1)(A). Under § 841(b)(1)(A), for offenses involving certain quantities of controlled substances (including cocaine, cocaine base, or marijuana), the sentence is ten years to life; if the offense is committed "after a prior conviction for a felony drug offense has become final," the sentence is twenty years to life; if committed "after two or more prior convictions for a felony drug offense have become final," then the sentence is a mandatory term of life. This was the basis for Petitioner's life sentence. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 4, is ADOPTED and incorporated herein.

2. Petition for writ of habeas corpus, Doc. 1, is DISMISSED with prejudice.

**DONE AND ORDERED** this   *23rd* day of February, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge